BEFORE THE FIRST DIVISION, FEBRUARY 14, 1951

**No. 55239.**—Continental Merchandise Co., Inc. *v.* United States, protest 156966–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of aluminum statuettes and rosaries in glass containers similar in all material respects to those the subject of Abstract 54602, the items in question were held dutiable as follows: The statuettes at 45 percent under paragraph 397 as manufactures of metal; the rosaries, being valued at more than $1.25 per dozen, at 30 percent under the *eo nomine* provision therefor in paragraph 1544; and the glass containers at the same rate as their contents as the usual containers for the involved merchandise.

**No. 55240.**—Frederick Stearns & Company, Frederick Stearns & Company Division of Sterling Drug, Inc., Successor *v.* United States, protest 140782–K (Detroit).

Opinion by COLE, J. The undisputed facts in this case established that the beef liver extract, described on the invoice as "Hidago Concentrado 1:20 en Polvo," is properly dutiable as alleged by plaintiff. In accordance with stipulation of counsel, received in evidence as exhibit 2, that the remainder of the merchandise in question is substantially the same as that passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378), the claim at 10 percent under paragraph 34 was also sustained as to said items.

**No. 55241.**—Shun Ying Chong and Tuck High & Co. *v.* United States, protests 687787–G and 163669–K (New York).

Opinion by COLE, J. The protests were dismissed.

**No. 55242.**—Orbis Products Corp. *v.* United States, protests 148198–K, etc. (New York)

Opinion by COLE, J. The protests were dismissed.

**No. 55243.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protests 156024–K and 158022–K (New York).

Opinion by COLE, J. The protests were dismissed.